NiCHOLSON, C. J.,
delivered tbe opinion of tbe Court.
Several errors are assigned and relied on bere, for tbe reversal of tbe judgment in tbis case.
In tbe second count of bis declaration, plaintiff seeks to bold defendant responsible, upon tbe ground that plaintiff’s agent received payment of tbe notes left with him for collection, in Confederate Treasury notes, not being forced to receive tbe same under threats or duress, and not being authorized to collect in Confederate money, and that tbe payment was invalid and no satisfaction of tbe notes. To tbis count defendant demurred, and tbe first error assigned, is, that tbe court overruled tbe demurrer.
Tbe demurrer raised tbe question, whether a payment in Confederate money to a private agent, with whom notes were left for collection in 1860, without any instructions as to tbe kind of money to be received, is a valid payment, so as to release tbe payors of tbe notes?
It is admitted that tbis Court, in Luster v. Scruggs, 1 Heis., 150, said, “that if tbe defendant bad received tbe note, with authority to collect tbe amount due, and, in discharge of that undertaking bad collected Confederate money, tbe principal would not be bound by bis action, nor would tbe debtor be released;” but it is insisted, that tbis was a dictum, and therefore not to be regarded as authority. It is true, that in that case the note was placed in tbe bands of defendant for a particular purpose, viz: *422 to indemnify Mm as security for costs, and not for the purpose -of collecting and paying over. The decision might well have been rested on that ground; but in argument it was insisted, that the deposit of the note, as indemnity for costs, carried with it the implied power as an agent, to collect the note in anticipation of the contingent liability. ín response to this argument, it became a proper question in the case, whether a private agent with authority to collect, would have a right to' collect in Confederate money, without special instructions to that effect, or without such express discretionary powers as would authorize such collection.
The response to the question so raised, was, that an agent for collection has no right to receive in payment of his principal’s debt, anything but money. It was not a mere dictum, but an adjudication resting upon the authority of Coony v. Wade, 4 Hum., 445, and Kenny v. Hazeltine, 6 Hum., 62.
We have followed this decision, in one or two cases at Nashville, recognizing a distinction between the liabilities .of public agents, charged by law with the enforcement of collections by process, and private agents Mro are under no legal obligations to malee immediate collections. In the former case we have held, that the officer may be excused from liability for receiving Confederate money, when he can' show that, such was the prevailing currency, and that under the circumstances payment could be enforced in no other currency. But as to private agents, who were under no legal coercion to make *423 collections, the established rule in this State, that an agent for collection can receive nothing but money or bank paper convertible into money at par, was applicable.
We therefore conclude,, that there was no error in overruling the demurrer to the second count. But in his charge to the jury the Judge said: “If the jury find that he received the money, and gave up the notes against his will, protesting against the act at the time,'then it would be no payment, and the notes would be wrongfully in possession of the defendants, and the plaintiff entitled to recover.”
It is’ insisted that there was error in this portion of the charge, and we should so hold, if we did not see in the preceding and succeeding parts of the charge, a full, clear, and unexceptionable explanation of the character of the threats or acts, from which it might be inferred that the money might have been received against the agent’s free will.
We are satisfied that from the whole charge the jury could not well have failed to understand the Judge as charging, that if the jury find that he received the Confederate money, and gave up the notes against his will, produced by threats of violence, then it would be no payment. Thus understood, there was no error in it.
It is next assigned as error, that the Court refused to allow defendants to file pleas relying on the statute of limitations. This motion was made after the jury was sworn, and after the plaintiff had commenced the examination of his first witness. The *424 motion was accompanied, by an affidavit giving a reason for having failed to file the pleas at an earlier date. But there was no affidavit as to the truth of the pleas.
It is too well established now to be departed from, that after the trial of a cause has commenced, if the Court below refuses to allow new pleas to be filed, this Court will not, except in very extraordinary cases, interfere with the discretion of the Court below. In this case we cannot see that the discretion was improperly exercised: Dockery v. Miller, 9 Hum., 731; 1 Heis., 5, 468.
'We see no error of law for which the judgment should be reversed, and as the record does not show that all the evidence given in the cause is contained in the bill of exceptions, we are bound to presume that the verdict is sustained by the proof.
Let the judgment be affirmed.